UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      -v.-

NORAMIE JASMIN,

              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO
SUBSTITUTE ASSET
(CM)

13 Cr. 297 (K̶M̶K̶)

WHEREAS, on or about April 18, 2013, Noramie Jasmin (the "defendant") was charged in two-counts of a ten-count Indictment (the "Indictment"), 13 Cr. 297 (KMK), with mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1346 (Count Seven); and Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951 (Count Eight);

WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of any property, real and personal, that constitutes or is derived from proceeds traceable to the offenses charged in Counts Seven and Eight of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the defendant's act or omission forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant;

WHEREAS, on or about April 20, 2015, the defendant was found guilty, following a bench trial, of Counts Seven and Eight of the Indictment;

WHEREAS, on or about August 7, 2015 the Court entered an Preliminary Order of Forfeiture/Money Judgment imposing a forfeiture money judgment in the amount of $5,000 in United States currency (the "Money Judgment");

WHEREAS, the entire balance of the Money Judgment remains outstanding;

WHEREAS, as a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the remaining proceeds owed to fully satisfy the defendant's Money Judgment;

WHEREAS, the Government has identified the following substitute asset in which the defendant has an ownership interest:

    a)    $600.00 in United States currency seized from the defendant on or about March 23, 2012;

(the "Substitute Asset");

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(p).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Marshal's Service is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture as to the Substitute Asset shall be applied in towards the satisfaction of the Money Judgment.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Asset and notice that any person, other than the defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(p).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(p), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e)

9.  Pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(3), upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property subject to forfeiture, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Asset to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
~~June ___, 2019~~
March 12, 2025

SO ORDERED:

_____
HONORABLE ~~KENNETH M. KARAS~~
UNITED STATES DISTRICT JUDGE